**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **MITCHELL PRUST,** | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:09-CV-92-TJW |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| **APPLE INC.** | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT APPLE INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF MITCHELL PRUST'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Apple Inc. ("Apple") respectfully submits its Answer, Affirmative Defenses, and Counterclaims to the Complaint for Patent Infringement ("Complaint") filed by Mitchell Prust, and states as follows:

### THE PARTIES

1. In answer to paragraph 1 of the Complaint, Apple lacks sufficient information to form a belief regarding the truth of the allegations contained therein and therefore denies the allegations.

2. In answer to paragraph 2 of the Complaint, Apple admits that it is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

### JURISDICTION AND VENUE

3. In answer to paragraph 3 of the Complaint, Apple admits that the Complaint alleges acts of patent infringement under the patent laws of the United States, Title 35 of the United States Code. Apple further admits that this Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Apple denies each and every remaining allegation in paragraph 3.

1

4. In answer to paragraph 4 of the Complaint, Apple does not challenge that this Court has personal jurisdiction over it and admits that it conducts business in this judicial district. Except as expressly admitted, Apple denies each and every remaining allegation in paragraph 4.

5. In answer to paragraph 5 of the Complaint, Apple admits that it is authorized to do business in Texas. Apple further admits that it maintains an agent for service of process at CT Corporation System, 350 N. St. Paul Street, Dallas, Texas, 75201.

6. In answer to paragraph 6 of the Complaint, Apple admits that venue in this district is purportedly based upon 28 U.S.C. §§ 1391(b)-(c) and 1400(b), but contends that venue is more appropriate in the Northern District of California. Apple admits that this Court has personal jurisdiction over it and conducts business in this judicial district. Except as expressly admitted, Apple denies each and every remaining allegation in paragraph 6.

## CLAIM 1: INFRINGEMENT OF U.S. PATENT NO. 6,714,968

7. In answer to paragraph 7 of the Complaint, Apple incorporates by reference its answers to paragraphs 1-6 of the Complaint as if fully set forth herein.

8. In answer to paragraph 8 of the Complaint, Apple admits that the face of United States Patent No. 6,714,968 ("the '968 patent") lists its title as "Method and System for Seamless Access to a Remote Storage Server Utilizing Multiple Access Interfaces Executing on the Remote Server" and its issuance date as March 30, 2004. Apple lacks sufficient information to form a belief regarding the truth of the remaining allegations contained therein and therefore denies the allegations.

9. In answer to paragraph 9 of the Complaint, Apple lacks sufficient information to form a belief regarding the truth of the allegations contained therein and therefore denies the allegations.

10. In answer to paragraph 10 of the Complaint, Apple denies each and every allegation therein.

11. In answer to paragraph 11 of the Complaint, Apple denies each and every allegation therein.

12. In answer to paragraph 12 of the Complaint, Apple denies each and every allegation therein.

13. In answer to paragraph 13 of the Complaint, Apple denies each and every allegation therein.

### CLAIM 2: INFRINGEMENT OF U.S. PATENT NO. 6,735,623

14. In answer to paragraph 14 of the Complaint, Apple incorporates by reference its answers to paragraphs 1-13 of the Complaint as if fully set forth herein.

15. In answer to paragraph 15 of the Complaint, Apple admits that the face of United States Patent No. 6,735,623 ("the '623 patent") lists its title as "Method and System for Seamless Access to a Remote Storage Area" and its issuance date as May 11, 2004. Apple lacks sufficient information to form a belief regarding the truth of the remaining allegations contained therein and therefore denies the allegations.

16. In answer to paragraph 16 of the Complaint, Apple lacks sufficient information to form a belief regarding the truth of the allegations contained therein and therefore denies the allegations.

17. In answer to paragraph 17 of the Complaint, Apple denies each and every allegation therein.

18. In answer to paragraph 18 of the Complaint, Apple denies each and every allegation therein.

19. In answer to paragraph 19 of the Complaint, Apple denies each and every allegation therein.

20. In answer to paragraph 20 of the Complaint, Apple denies each and every allegation therein.

## CLAIM 3: INFRINGEMENT OF U.S. PATENT NO. 6,952,724

21.     In answer to paragraph 21 of the Complaint, Apple incorporates by reference its answers to paragraphs 1-20 of the Complaint as if fully set forth herein.

22.     In answer to paragraph 22 of the Complaint, Apple admits that the face of United States Patent No. 6,952,724 ("the '724 patent") lists its title as "Network-Based Remote Data Storage System Having Multiple Access Interfaces" and its issuance date as October 4, 2005. Apple lacks sufficient information to form a belief regarding the truth of the remaining allegations contained therein and therefore denies the allegations.

23.     In answer to paragraph 23 of the Complaint, Apple lacks sufficient information to form a belief regarding the truth of the allegations contained therein and therefore denies the allegations.

24.     In answer to paragraph 24 of the Complaint, Apple denies each and every allegation therein.

25.     In answer to paragraph 25 of the Complaint, Apple denies each and every allegation therein.

26.     In answer to paragraph 26 of the Complaint, Apple denies each and every allegation therein.

27.     In answer to paragraph 27 of the Complaint, Apple denies each and every allegation therein.

## PRAYER FOR RELIEF

28.     Apple denies that Mr. Prust is entitled to any relief in this action and asks the Court to deny any and all of the relief requested by Mr. Prust in his Complaint.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Apple asserts the following affirmative defenses under Rule 8(c) of the Federal Rules of Civil

Procedure. Apple reserves the right to assert any other defenses that may be revealed during the course of discovery and its investigation of Mr. Prust's claims.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

29. Apple does not and has not infringed any valid and enforceable claim of the '968 patent, whether directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

30. Apple does not and has not infringed any valid and enforceable claim of the '623 patent, whether directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

31. Apple does not and has not infringed any valid and enforceable claim of the '724 patent, whether directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

32. One or more claims of the '968 patent is invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

33. One or more claims of the '623 patent is invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

34. One or more claims of the '724 patent is invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

35. Mr. Prust's requested relief is barred, in whole or in part, by the doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the '968 patent.

36. Mr. Prust's requested relief is barred, in whole or in part, by the doctrine of estoppel, including, but not limited to, the doctrine of prosecution history arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the '623 patent.

37. Mr. Prust's requested relief is barred, in whole or in part, by the doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the '724 patent.

### FOURTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

38. Mr. Prust has an adequate remedy at law and no basis exists for the grant of equitable relief.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff Apple Inc. ("Apple") alleges the following counterclaims against Plaintiff and Counterclaim Defendant Mitchell Prust and states as follows:

### THE PARTIES

1. Apple is a California Corporation with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

2. In its Complaint, Counterclaim Defendant Mr. Prust has alleged that he is an individual residing in St. Paul, Minnesota.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

4. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c), however, the more appropriate venue is the Northern District of California. To the extent that venue is found to be proper under 28 U.S.C. § 1400 for any of the claims in the Complaint, venue is also appropriate under 28 U.S.C. § 1400 for these Counterclaims. Venue and jurisdiction are proper within this District because, *inter alia*, Plaintiff and Counterclaim Defendant has sought the benefit of this forum for this litigation.

## GENERAL ALLEGATIONS

5. Mr. Prust purports to own and have the right enforce U.S. Patent No. 6,714,968 ("the '968 patent"), U.S. Patent No. 6,735,623 ("the '623 patent"), and U.S. Patent No. 6,952,724 ("the '724 patent").

6. Mr. Prust filed a Complaint in this Court alleging that Apple is infringing the '968 patent, the '623 patent, and the '724 patent.

7. Apple denies that it infringes or has infringed any valid and enforceable claim of the '968 patent, the '623 patent, or the '724 patent. Apple further asserts that the claims of the '968 patent, the '623 patent, and the '724 patent are invalid and/or unenforceable.

8. Based on the foregoing, there is an actual, immediate, and justifiable controversy between Mr. Prust and Apple regarding the validity, enforceability, and infringement of the '968 patent, the '623 patent, and the '724 patent.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '968 Patent)**

9. Apple repeats and realleges paragraphs 1-8 of these Counterclaims as if fully set forth herein.

10. Apple does not and has not infringed any valid and enforceable claim of the '968 patent, whether directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

11. Mr. Prust is precluded under the doctrine of prosecution history estoppel from asserting or construing the claims of the '968 patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Apple.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '623 Patent)**

12. Apple repeats and realleges paragraphs 1-11 of these Counterclaims as if fully set forth herein.

13. Apple does not and has not infringed any valid and enforceable claim of the '623 patent, whether directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

14. Mr. Prust is precluded under the doctrine of prosecution history estoppel from asserting or construing the claims of the '623 patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Apple.

**THIRD COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '724 Patent)**

15. Apple repeats and realleges paragraphs 1-14 of these Counterclaims as if fully set forth herein.

16. Apple does not and has not infringed any valid and enforceable claim of the '724 patent, whether directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

17. Mr. Prust is precluded under the doctrine of prosecution history estoppel from asserting or construing the claims of the '724 patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Apple.

### FOURTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '968 Patent)**

18. Apple repeats and realleges paragraphs 1-17 of these Counterclaims as if fully set forth herein.

19. Each and every claim of the '968 patent is invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FIFTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '623 Patent)**

20. Apple repeats and realleges paragraphs 1-19 of these Counterclaims as if fully set forth herein.

21. Each and every claim of the '623 patent is invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

### SIXTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '724 Patent)**

22. Apple repeats and realleges paragraphs 1-21 of these Counterclaims as if fully set forth herein.

23. Each and every claim of the '724 patent is invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaim Plaintiff Apple respectfully requests that this Court enter judgment in its favor and against Plaintiff and Counterclaim Defendant Mr. Prust and grant the following relief:

A. A declaration that Apple does not infringe, whether directly or indirectly, literally or by the doctrine of equivalents, any valid and enforceable claim of the '968 patent;

B. A declaration that Apple does not infringe, whether directly or indirectly, literally or by the doctrine of equivalents, any valid and enforceable claim of the '623 patent;

C. A declaration that Apple does not infringe, whether directly or indirectly, literally or by the doctrine of equivalents, any valid and enforceable claim of the '724 patent;

D. A declaration that the claims of the '968 patent are invalid and/or unenforceable;

E. A declaration that the claims of the '623 patent are invalid and/or unenforceable;

F. A declaration that the claims of the '724 patent are invalid and/or unenforceable;

G. Dismissal of all of Mr. Prust's claims against Apple in their entirety and with prejudice;

H. A declaration that Mr. Prust take nothing by way of his complaint;

I. An order denying any and all of Mr. Prust's request for injunctive relief;

J. An order denying any and all of Mr. Prust's request for equitable relief;

K. An order awarding Apple its costs pursuant to 35 U.S.C. § 284 and/or Rule 54(d) of the Federal Rules of Civil Procedure;

L. An order finding this an exceptional case under 35 U.S.C. § 285, and awarding Apple its costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon; and

M. An order awarding Apple such further relief as the Court may deem appropriate under the circumstances.

## JURY TRIAL DEMAND

Apple hereby demands a trial by jury on all issues triable by a jury as of right in this action.

Respectfully submitted,

/s/ Eric M. Albritton

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
ema@emafirm.com

MORRISON & FOERSTER LLP
Michael A. Jacobs (CA Bar No. 111664)
Richard S.J. Hung (CA Bar No. 197425)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-mail: mjacobs@mofo.com
E-mail: rhung@mofo.com

MORRISON & FOERSTER LLP
Rudy Y. Kim (CA Bar No. 199426)
755 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
E-mail: rudykim@mofo.com

*Counsel for Apple Inc.*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).   Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 15th day of June, 2009.

                                                                                       Eric M. Albritton