IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MITCHELL PRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2: 09-cv-92 |
| ) | |
| APPLE INC., ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |
| ) | |

**DECLARATION OF JONI B. REICHER IN SUPPORT OF APPLE INC.'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

I, Joni B. Reicher, do hereby declare as follows:

1. I am employed as a Senior Director in Human Resources at Apple Inc. ("Apple") in Cupertino, California. I have been employed by Apple since July 2002. I provide this declaration in support of Apple's motion to transfer this case from the Eastern District of Texas to the Northern District of California. Unless otherwise indicated below, the statements in this declaration are based upon my personal knowledge or corporate records maintained by Apple in the ordinary course of business.

2. Apple is a California corporation headquartered in Cupertino in the Northern District of California. Apple's management and primary research and development facilities are located in Cupertino. Additionally, Apple has approximately 7,800 employees who work in its headquarters in Cupertino.

3. Apple designs, manufactures, and markets personal computers, portable digital music players, and mobile communication devices and sells a variety of related software, services, peripherals, and networking solutions.

1

pa-1341527

4. Apple's product research, design and development activities primarily take place in Cupertino. Virtually all Apple business documents and records relating to the research, design, development of, and revenue from, Apple products and services are similarly located in Cupertino. This geographic focus is no different for Apple's "networked storage products, systems and services." The decisions regarding marketing, sales, and pricing of Apple products and services occur in Cupertino as well.

5. Current and former Apple employees with knowledge regarding the research and development of Apple's "software products and electronic data storage products" are located in Cupertino. I am not aware of any likely Apple witnesses or any relevant design, development or marketing documents for any Apple product or service that might be accused of infringement in this case that are located in the Eastern District of Texas.

6. Based on the very limited description of what products and services might be implicated in this lawsuit and the information that Apple has gathered to date, the following current Apple employees may have relevant knowledge regarding the development of potentially relevant products and services:

| Employee Name | Location | Title/Department |
| --- | --- | --- |
| Phil Peterson | Cupertino, California | Director, MobileMe - BaSE |
| Chris Sharp | Cupertino, California | Manager, Software Engineering Applications |
| Jake Baumgarten | Cupertino, California | Manager, Software Engineering Applications |
| Scott Ryder | Cupertino, California | Director, Software Engineering Applications |

In addition, the following Apple employees in Cupertino may have knowledge regarding Mr. Prust and his former employer, Wam!Net:

| Employee Name | Location | Title/Department |
| --- | --- | --- |
| C.K. Haun | Cupertino, California | Senior Director, WorldWide Developer Technical Services |

2

pa-1341527

| Jason Yeo | Cupertino, California | Manager, Worldwide Developer Relations Group |

7.      Based on the very limited description of what products and services might be implicated in this lawsuit and the information that Apple has gathered to date, the following former Apple employees may have relevant knowledge regarding the design and/or development of potentially relevant products and services. Based on currently available information, each of these former employees resides in the Northern District of California:

(a)     Stephane Lunati

Manager in the Software Engineering Applications department. Attached hereto as **Exhibit 1** is a highlighted, true and correct copy of Mr. Lunati's profile on LinkedIn, available at http://www.linkedin.com/ppl/webprofile?action=vmi&id=1158333&pvs=pp&authToken=78l0&authType=name&trk=ppro_viewmore&lnk=vw_pprofile, as it appeared on or about June 12, 2009.

(b)     Rob Schoeben

Marketing VP in the Apps Marketing Administration department. Attached hereto as **Exhibit 2** is a highlighted, true and correct copy of Mr. Schoeben's public profile on LinkedIn, available at http://www.linkedin.com/pub/rob-schoeben/9/a47/33b, as it appeared on or about June 12, 2009.

(c) <u>David Conway</u>

Product Line Marketing Manager in the .Mac Marketing department. Attached hereto as **Exhibit 3** is a highlighted, true and correct copy of Mr. Conway's profile on LinkedIn, available at http://www.linkedin.com/ppl/webprofile?action=vmi&id=3547&pvs=pp&authToken=DRm0&authType=name&trk=ppro_viewmore&lnk=vw_pprofile, as it appeared on or about June 12, 2009.

(d) <u>Joe Hayashi</u>

Product Marketing Director in the Productivity Marketing department. Attached hereto as **Exhibit 4** is a highlighted, true and correct copy of Mr. Hayashi's public profile on LinkedIn, available at http://www.linkedin.com/in/jhayashi, as it appeared on or about June 12, 2009.

In addition, the following former Apple employees may have knowledge regarding Mr. Prust or his former employer Wam!Net:

(a) <u>R.E. Richardson</u>

Vice President in the World Wide Developer Relations department. Attached hereto as **Exhibit 5** is a highlighted, true and correct copy of Mr. Richardson's profile on LinkedIn, available at http://www.linkedin.com/ppl/webprofile?action=vmi&id=118564&pvs=pp&authToken=dZL_&authType=name&trk=ppro_viewmore&lnk=vw_pprofile, as it appeared on or about June 12, 2009.

(b) <u>Roger Siminoff</u>

Senior Marketing Manager in the Enterprise Sales department. Attached hereto as **Exhibit 6** is a highlighted, true and correct copy of Mr. Siminoff's biographical information, available at http://www.siminoff.net/pages/siminoff_bio_graphics.html, as it appeared on or about June 12, 2009.

8.      I understand that no specific Apple products have been identified in the Complaint in this case.  Although Apple has employees in Austin, Texas, none of these employees have any significance to this case to the extent it relates to products or services for accessing a remote storage server utilizing multiple access interfaces executing on the remote server.

9.      As of June 4, 2009, Apple has 210 retail stores in the United States.  Apple has a single retail store in the Eastern District of Texas, in the city of Plano.  I am not aware of any employee in the Plano retail store that could be characterized as a relevant witness regarding any products that may potentially be at issue in this litigation.  To the extent an Apple product or service is sold in the Plano store it is sold nationwide.

10.     Aside from the retail store in Plano, Apple does not otherwise maintain any facilities, employees, or documents in the Eastern District of Texas.  I understand that it is a 164 mile drive from Apple's retail store in Plano to the federal courthouse in Marshall.  Attached hereto as **Exhibit 7** is a highlighted, true and correct copy of a printout from maps.google.com that indicates the driving distance from Plano to Marshall.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this _17_ day of June, 2009 at Cupertino, California.

_____
Joni B. Reichel