# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MITCHELL PRUST, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) CIVIL ACTION NO. 2:09-CV-92-TJW |
| v. | ) |
| | ) |
| APPLE INC., | ) JURY TRIAL DEMANDED |
| | ) |
|     Defendant. | ) |
| | ) |

**APPLE INC.'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

Mr. Prust's opposition confirms that this case should be transferred to the Northern District of California. In his opposition, Prust concedes that neither of the parties is located in the Eastern District of Texas. Prust also does not identify any witnesses, third parties or relevant evidence in this District. Finally, Prust does not dispute that the Northern District of California: (1) is where Apple's headquarters and principal pace of business is located; (2) is where a substantial number of material witnesses are located; (3) is a district that has subpoena power over numerous third-party witnesses; (4) is a district that has a particularized local interest in deciding this case; (5) is the place where the accused products were designed and developed; and (6) is where a majority of the relevant documents and evidence is located.

Instead, Prust primarily argues that the existence of 45 witnesses located outside of Texas (32 of whom are in Minnesota) justifies maintaining this lawsuit here. But while the locations of these witnesses might justify a transfer to *Minnesota* (something Prust is not seeking), they do not rebut Apple's showing that transfer to the Northern District of California is appropriate here. Among other things, *none* of these witnesses are in the Eastern District of Texas or within its subpoena power. The existence of these witnesses does not change the fact that the convenience of the parties and witnesses, availability of compulsory process, location of the majority of likely evidence, and local interest factors all favor transfer to the Northern District of California.

### A. The Northern District Of California Is Clearly More Convenient For The Parties And A Substantial Number Of Material Witnesses.

In the present case, the "cost of attendance for willing witnesses" strongly favors transfer because a substantial number of material witnesses reside in the Northern District of California and no witnesses reside in the Eastern District of Texas. *See In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009).

Faced with the overwhelming amount of evidence and witnesses located in Northern California and the complete absence of any evidence or witnesses in the Eastern

District of Texas, Prust points to 45 potential witnesses located elsewhere. None of these individuals are in Texas. Many appear to be cumulative witnesses who "*may* have relevant knowledge" regarding topics such as the "relationship between WAM!NET and Apple" and "the SiLO product." It is unclear, however, how subject matter such as the SiLO product or any purported relationship between WAM!NET (a non-party) and Apple is relevant or material to any issues in this case. There are scores of additional Apple employees in Cupertino (out of the approximately 7,800 located there) who "*may* have relevant knowledge" regarding the accused products in this case. *See* Reicher Reply Decl. ¶ 3. Moreover, when considered with the 12 witnesses previously identified by Apple, the Northern District of California is just as convenient or *more* convenient for at least 50 of the 57 witnesses.[1]

Although Prust argues that the Northern District of California is less convenient for seven of the witnesses, he concedes that the Northern District of California is more convenient for at least seventeen witnesses (ten of whom are third-party witnesses). In view of Prust's recent identification of "MobileMe" and "iTunes" as accused products, *see* Opp. at 1, Apple identifies two additional witnesses based in Cupertino for whom the Northern District of California would be clearly more convenient.[2] *See* Reicher Reply Decl. ¶ 5. Furthermore, the fact that the Northern District of California may not be more convenient for <u>some</u> of the witnesses does not preclude transfer where, as here, there is a substantial number of witnesses in or near the transferee forum and no witness resides within the Eastern District of Texas. *See In re Genentech*, 566 F.3d at 1345.

---

[1] For the 32 witnesses in Minnesota, the Northern District of California is just as convenient as this District. *See* Mot. at 8 fn.3. While Prust suggests that actual distance should be used instead of "travel time," he concedes the advertised travel time to San Jose is roughly equivalent to the travel time to Marshall and does not argue these witnesses would be burdened by a transfer. *See, e.g., Motiva LLC v. Nintendo Co.*, 2009 U.S. Dist. LEXIS 55406, at *12 (E.D. Tex. June 30, 2009) ("[R]egardless of the 'straight line' distances . . . if 'travel time' distances favor the transferee venue, then this factor will favor transfer.").

[2] Prust does not specify whether he is accusing the iTunes application itself or the iTunes Store of infringement. In either case, the persons involved in the design and development of such products are located in Cupertino. *See* Reicher Reply Decl. ¶ 5.

2

In *In re Genentech*, on remarkably similar facts, the Federal Circuit concluded that the "convenience of the witnesses" factor weighed substantially in favor of transfer where there were 14 witnesses in the Northern District of California and elsewhere within California (six of whom were non-party witnesses), and there were no witnesses within the Eastern District of Texas. *See id.* at 1343-45. The Federal Circuit reached this conclusion even though there were eleven witnesses located in Europe, Switzerland, Iowa and the East Coast, for whom the Northern District of California was less convenient. *See id.* In other words, the Northern District of California was a clearly more convenient forum even though transfer would increase the travel burdens for some of the witnesses. Here, as in *In re Genentech*, "[b]ecause a substantial number of material witnesses reside within the transferee venue and the state of California, and no witnesses reside within the Eastern District of Texas," this factor weighs "substantially in favor of transfer," regardless of whether transfer would be more convenient for all of the witnesses. *Id.*

### B. The Availability Of Compulsory Process Strongly Favors Transfer.

The Northern District of California has subpoena power over at least six third-party witnesses in this case. Prust concedes that "more third-party witnesses reside in the Northern District of California than in the Eastern District," and in fact, no third-party witnesses reside in the Eastern District of Texas. Therefore, this factor strongly weighs in favor of transfer. *See In re Genentech*, 566 F.3d at 1345.

### C. The Vast Majority Of The Physical And Documentary Evidence In This Case Is Located In The Northern District Of California.

In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006). In this case, the vast majority of physical and documentary evidence is located in the Northern District of California. In his opposition, Prust identified "MobileMe" and "iTunes" as accused products. Opp. at 1. The research, design and development for these products took place in Cupertino. *See* Reicher Reply

3

Decl. ¶ 4.  Virtually all of Apple's business documents and records relating to the research, design, development, and revenue from these products are similarly located in Cupertino.³  *Id.*  The decisions regarding marketing, sales and pricing of these products occurred in Cupertino.  *Id.*  Technical, financial and sales related documents pertaining to MobileMe and iTunes are specific examples of documents that are located in Cupertino.  *Id.*

In contrast, Prust fails to identify a single piece of physical or documentary evidence in the Eastern District of Texas.  Grasping for some connection to this District, Prust speculates that a number of potential witnesses and relevant documents are "very likely" to be housed at Apple's *Austin* campus.  Opp. at 4.

Apple's presence in Austin, however, has no bearing on the issues in this case.  Not a single Apple employee in Austin had any role related to the research, design or development of the accused products.  *See* Reicher Reply Decl. ¶ 6.  A defendant's mere presence in Texas is no impediment to a transfer out of this District.  *See, e.g., Fifth Generation Computer Corp. v. IBM Corp.*, 2009 U.S. Dist. LEXIS 12502, at *19 (E.D. Tex. Feb. 17, 2009) (granting IBM's motion to transfer to New York even though IBM has major research facilities in Austin).  Moreover, while Prust suggests that potential witnesses and relevant documents may be located in Austin, Prust does not name any specific witnesses or identify any specific examples of documents located there.  Indeed, all major departments are represented at Apple's corporate headquarters, and there is no basis for concluding that there are any relevant documents or information in Austin that is not obtainable from Cupertino.  *See* Reicher Reply Decl. ¶ 7.

While Prust points to patent prosecution and other purportedly relevant documents located in Minnesota, none of those documents are located in the Eastern

---

[3] While Prust criticizes Apple for failing to identify "specific examples of documents or other evidence in Northern California," any lack of specificity on Apple's part is due to Prust's failure to identify any specific accused products until very recently.  Moreover, Prust himself has not identified any specific documents located in the Eastern District of Texas or elsewhere.

District of Texas, and the existence of any such documents does not weigh against transfer. *See, e.g.*, *In re Genentech*, 566 F.3d at 1346 (this factor weighed in favor of transfer even though prosecution documents were closer to the Eastern District of Texas because they would "need to be transported in any event").

### D. The Court Congestion Factor Does Not Preclude Transfer.

As previously recognized by this Court, any differences in court congestion between the Northern District of California and this District is negligible. *See, e.g.*, *MedioStream, Inc. v. Acer Am. Corp.*, 2008 U.S. Dist. LEXIS 74066 (E.D. Tex. Sept. 26, 2008). Moreover, any purported delay in the Northern District of California is not so great as to justify denying a transfer. *See Jackson v. Intel Corp.*, 2009 U.S. Dist. LEXIS 22117, at *8-9 (E.D. Tex. Mar. 19, 2009) (granting transfer where transferee court on average took a year longer to reach trial).

### E. Unlike The Eastern District Of Texas, The Northern District Of California Has A Strong Local Interest In Deciding This Matter.

The public interest factor regarding having local interests decided at home weighs heavily in favor of transfer to the Northern District of California. As conceded by Prust, given that Apple maintains its principle place of business in Northern California, the Northern District of California has a "particularized" local interest in deciding this case. *See* Opp. Br. at 11. In contrast, any general interest that the Eastern District of Texas has based on the sale of products within this District could apply virtually to any judicial district or division in the United States and therefore should be "disregarded in favor of particularized local interests." *Fujitsu Ltd. v. Tellabs, Inc.*, 2009 U.S. Dist. LEXIS 58288, at *17 (E.D. Tex. July 7, 2009). Accordingly, this factor strongly favors transfer.

### F. Conclusion

For the above reasons and those in Apple's opening brief, Apple respectfully requests that this Court transfer the present case to the Northern District of California.

5

Respectfully submitted,

_/s/ Eric M. Albritton_
Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
ema@emafirm.com


MORRISON & FOERSTER LLP
Michael A. Jacobs (CA Bar No. 111664)
Richard S.J. Hung (CA Bar No. 197425)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-mail: mjacobs@mofo.com
          rhung@mofo.com

MORRISON & FOERSTER LLP
Rudy Y. Kim (CA Bar No. 199426)
755 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
E-mail: rudykim@mofo.com

Attorneys for Defendant APPLE INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 24th day of July, 2009.

_/s/ Eric M. Albritton_
Eric M. Albritton