# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| MITCHELL PRUST, | §<br>§ |
| Plaintiff, | §<br>§ |
| v. | § Civil Action No. 2:09-cv-00092 |
| APPLE, INC. | §<br>§ JURY TRIAL DEMANDED |
| Defendant. | §<br>§ |

**PRUST'S SUR-REPLY TO APPLE'S MOTION TO TRANSFER**

I.  INTRODUCTION

On August 5, 2009, Prust filed suit against two East Texas corporations involved in networked data storage, alleging infringement of the same three patents at issue in the present case. SoftLayer Compl. ¶¶ 7-27, (2:09-cv-236, Dkt. No. 1) (E.D. Tex., Marshall Div., Aug. 5, 2009), Exh. 1. Both corporations, SoftLayer Technologies, Inc. and NetMass, Inc., maintain their principal places of business in the Eastern District of Texas. *Id.* at ¶¶ 2-7. Because of the common questions of law and fact involved in this case and the SoftLayer case, judicial economy would be greatly enhanced by maintaining all related cases in the same Court. Maintaining venue for both cases in the Eastern District would also avoid needless duplication of effort and inconsistent claim construction and adjudication.

Moreover, even viewed in isolation, Apple has not shown that Northern California is *clearly* more convenient than this Court. Relevant documents and witnesses are spread around the country and the majority of identified witnesses, including third-party witnesses, are closer to Texas. Apple argues that *commercial* travel times are roughly equivalent for many of these witnesses – but a search of charter flights reveals that, for not much more money, the majority of witnesses could reach Marshall much more quickly than San Jose. Nor has Apple shown that a *substantial* number of third-party witnesses live in the proposed forum, whereas 44 third-party witnesses live outside of Northern California.[1] Finally, Apple misapplies precedent in a way that overemphasizes its own convenience while disregarding the convenience of third parties and Prust. Apple's motion should be denied.

II.  ARGUMENT

A.  **Keeping Apple in East Texas increases judicial economy.**

Prust's complaint against SoftLayer involves the exact same patents, similar defendants, and similar technology. All three Defendants sell software-related storage products or services that embody the inventions described in the '968, '623, and '724 patents. It is extremely likely

---

[1] Prust Decl. ISO Opp'n to Mot. to Transfer ¶¶ 8-51 (Dkt. 22-2); Reicher Decl. ISO Mot. to Transfer, ¶7 (Dkt. No. 14-17).

that Prust will assert identical, or nearly identical, claims against all three Defendants. Thus, the same issues will dominate claim construction in both cases. Discovery issues will be similar as well.

There is little sense in transferring one Defendant to another forum where doing so would create parallel litigation. First, considerations of judicial economy "may be determinative to a particular transfer motion, even if the convenience of the parties and the witnesses may call for a different result." *Interactive Music Tech., LLC v. Roland Corp.*, 2008 WL 245142, at *10 (E.D. Tex Jan. 29, 2008) (Davis, J.). And "the judicial economy factor weighs heaviest … in avoiding confusion over litigating the same patent simultaneously in separate venues." *Id.* at *11. Moreover, consistency in claim construction is central to achieving the purpose of the patent laws: encouraging innovation. *Logan v. Hormel Foods Corp.*, 2004 WL 5216126, at * 2 (E.D. Tex. Aug. 25, 2004) (Davis, J.).

Because the Apple and SoftLayer cases are so similar, this Court should hear them both. With "other cases involving the exact same patents before this Court, granting defendants' motion for transfer in the present case would cut against principles of judicial economy and increase the risk of inconsistent adjudication." *MHL Tek, LLC v. Nissan Motor Co.*, 2009 WL 440627, at *7 (E.D. Tex. Feb. 23, 2009) (Ward, J.). Indeed, the "prospect of inconsistent claim construction favors resolving related patent cases in the same forum when possible. Besides being a duplicative use of scarce judicial resources, two claim constructions risk inconsistency, create greater uncertainty regarding the patent's scope, and impede the administration of justice." *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 458 (E.D. Tex. 2004) (Davis, J.) (citations omitted). Transfer would serve only to risk inconsistent claim constructions and to duplicate efforts. For this reason alone, Apple's Motion should be denied.

**B.    Apple has failed to show that California is "clearly more convenient" than Texas.**

Apple begins its Reply with the false notion that California must be more convenient because no witnesses are in East Texas. Reply at 1 (Dkt. No. 27). But Apple has not met its significant burden to show California to be clearly more convenient than Texas. Instead, Apple

argues that, even if Texas is *more* convenient, transfer to one of Apple's places of business is mandated. But if "that were so, most cases could only be tried where the parties had their principal places of business. That result is clearly in conflict with a plaintiff's right to file a case in a district where jurisdiction and venue are proper." *Motiva, LLC v. Nintendo Co. Lt.*, 2009 WL 1882836, at *6 (E.D. Tex. Jun. 30, 2009) (Davis, J.). The proper inquiry is the convenience of the parties and witnesses – which favors Texas. 28 U.S.C. 1404(a).

Prust has shown that this District is more convenient for the majority of witnesses. Pope Decl. ISO Opp'n to Mot. to Transfer (Dkt. No. 22-3). But Apple argues that a "substantial number" of witnesses live in Northern California. The parties have identified 59 witnesses[2] (including two identified by Apple for the first time in its Reply).[3] Of these, only 14 live in the Northern District – nine of which are current Apple employees.[4] Thus, only five third-party witnesses out of 49 are subject to the subpoena power of the Northern District – hardly a substantial number. Where the majority of witnesses will be inconvenienced by transfer, transfer should be denied.

### C.  The WAM!NET documents matter

As Prust made clear in his Opposition, this case involves substantial evidence that Apple willfully infringes Prust's patents. For example, Apple's business negotiations with WAM!NET exposed it to Prust's ideas which, Prust believes, Apple misappropriated and willfully incorporated into Apple's technology. Thus, Savvis (WAM!NET's successor), which is located

---

[2] Prust believes that, given the important role of the departments housed in Apple's Austin facility, many relevant witnesses and documents will reside there. Apple has never denied that important information resides in Austin. Instead, it argues that Prust has not identified such evidence – knowing that at this early stage, Prust does not have access to that information. Apple should either state affirmatively that no relevant information exists in Austin, or identify what's there. Apple should not benefit from its failure to identify witnesses and evidence more conveniently located to East Texas.

[3] Apple's argument that its 7,800 employees in Northern California should count in the analysis borders on frivolity.

[4] Reicher Decl. ¶¶ 6-7 (Dkt. No. 14-17); Prust Decl. ¶¶ 8-51 (Dkt. No. 22-2); Reicher Decl. ISO Reply ¶ 5 (Dkt. No. 27-2).

far closer to Texas than to California, will have a substantial volume of relevant information and witnesses.

### D. Texas is closer to most witnesses.

Apple does not dispute that Texas is closer to identified witnesses and evidence than California. Instead, Apple argues that, for many witnesses, commercial travel times are roughly equivalent. But the vast additional distances they must travel should not be discounted. Indeed, commercial "travel times" are not always a fair proxy for convenience.

For only slightly more money, many of these witnesses can charter flights to Texas, avoiding the hassles of airline travel, and arriving in Texas much sooner than they ever could get to California. For example, Apple can fly its Austin witnesses to Marshall in approximately 45 minutes for $706 each, and Prust can fly his Minnesota witnesses to Marshall in approximately two hours and 20 minutes for $1010 each.[5] Declaration of Catherine A. Pope (Pope Decl.) ¶¶ 5-7. This is considerably faster than trying to get to California. Pope Decl. ISO Opp'n to Mot. to Transfer ¶ 10, Exh. C (Dkt. 22-3). Marshall's airport is also much closer to the courthouse. Pope Decl. ¶ 8. California's much greater distance from most witnesses makes Texas the better choice.

### E. Apple misapplies *Genentech*

Apple repeatedly mis-applies *Genentech* in a way that serves to discount the convenience of any witness or party not found in Northern California or East Texas. For example, Apple argues that documents located outside of East Texas or Northern California do not matter "because they would need to be transported in any event." Reply at 5. Such a rule would require that, *regardless of actual convenience*, if witnesses and documents are not found in East Texas, the case must be transferred to the forum of the Defendant's principal place of business.

---

[5] Given that Apple had net income of almost $5 billion in 2008, a few extra dollars for the greatly increased convenience of charter flights should be of no concern to Apple. Pope Decl. ¶ 3., Exh. B.

But section 1404(a) is *not* written "for the convenience of *defendants*," rather, the statute sets forth that "for the convenience of *parties and witnesses*" the Court "*may*" transfer a case. *Genentech* should not be interpreted to require that Prust's and the majority of witnesses' convenience be ignored, simply because they are not found in the Plaintiff's properly-chosen forum.

Anyone who has transported documents and physical evidence knows that the burden of doing so increases with the distance they must be moved. Pope Decl. ¶ 9-10. Thus, transporting documents from Minnesota to Texas is far less burdensome than transporting documents from Minnesota to California. Unless Apple maintains its documents in the federal courthouse in San Jose, it too would have to transport its documents "in any event." Reply at 5. The only difference, and the proper consideration, is *how far* those documents must go. Prust has shown that Texas is closer to more documents than California.

### III.   CONCLUSION

The patents-in-suit are the subject of two cases against a total of three Defendants in this Court. Transfer of one of those cases would result in duplication of effort and a substantial risk of inconsistent adjudication. For that reason alone, Apple's Motion should be denied.

In addition, Apple has not met its significant burden to show California to be *clearly* more convenient than Texas for all parties and witnesses. By myopically focusing on its Northern California location, to the exclusion of Prust, the vast majority of third parties, and Apple's own Austin campus, Apple has unfairly skewed its analysis. Apple's Motion should be denied.


Dated: August 11, 2009                                        Respectfully submitted,

                                                               */s/ Christopher D. Banys*
                                                               Christopher D. Banys

                                                               LANIER LAW FIRM, P.C.
                                                               Christopher D. Banys   SBN: 230038 (California)
                                                               Daniel W. Bedell        SBN: 254912 (California)
                                                               Hogene L. Choi          SBN: 256617 (California)
                                                               2200 Geng Road, Suite 200
                                                               Palo Alto, CA 94303

(650) 322-9100  (650) 322-9103 (fax)
cdb@lanierlawfirm.com
dwb@lanierlawfirm.com
hlc@lanierlawfirm.com

LANIER LAW FIRM, P.C.
W. Mark Lanier     SBN: 11934600
Dara G. Hegar      SBN: 24007280
Phillip N. Sanov   SBN: 17635950
6810 FM 1960 West
Houston, Texas 77069
(713) 659-5200  (713) 659-2204 (fax)
wml@lanierlawfirm.com
dgh@lanierlawfirm.com
pns@lanierlawfirm.com

IRELAND, CARROLL & KELLEY, P.C.
Wesley Hill        SBN: 24032294
6101 South Broadway, Suite 500
Tyler, TX 75703
(903) 561-1600
(903) 581-1071
fedserv@icklaw.com

Attorneys for Plaintiff
MITCH PRUST

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via e-mail and/or the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 11th day of August, 2009.

/s/ *Catherine A. Pope*
Catherine A. Pope